STATE OF NORTH CAROLINA v. TOMMY EDWARD BUFF

No. 7629SC654

(Filed 16 February 1977)

1. **Parent and Child § 9— wilful failure to support children — father's employment and income — sufficiency of evidence**

    In a prosecution of defendant for wilful failure to support his children, defendant's contention that there was no evidence that he was employed or had any income and that the case should therefore be dismissed was without merit where there was evidence tending to show that defendant was employed at a named mill and that about the time the warrant was issued in this case defendant increased support payments from $20 a month to $25 a week.

2. **Criminal Law § 114— jury charge on State's contentions — no expression of opinion**

    The trial court did not express an opinion in his jury charge in violation of G.S. 1-180 when he stated contentions of the State which were supported by ample evidence.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 27 May 1976 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 18 January 1977.

On 26 September 1975 a warrant for the arrest of defendant was issued at the instance of his former wife, charging unlawful and willful failure to provide adequate support for his children in violation of G.S. 14-322. Defendant was found guilty in district court, whereupon he appealed to superior court.

At trial *de novo* in superior court before a jury, the State presented the testimony of the wife as prosecuting witness. Her testimony tended to show that she and defendant had six children by their marriage, all of whom were minors and four of whom were residing with her at the time the warrant was issued. She and defendant had been divorced for approximately four years. Prior to the issuance of the warrant, defendant had been providing only twenty dollars a month for the support of his children. On or about the time the prosecuting witness sought to obtain the warrant, defendant began paying her twenty-five dollars a week for support. Her testimony further tended to show that since October, 1975, until the time of this trial, defendant had not missed a weekly payment and that he had a job in a mill in Rutherfordton.

Defendant presented no evidence. He was found guilty and sentenced to six months' imprisonment. From this judgment defendant appeals.

*Attorney General Edmisten, by Associate Attorney General Claudette Hardaway, for the State.*

*Robert L. Harris, for the defendant.*

BROCK, Chief Judge.

[1]   Defendant raises three arguments for consideration. First, defendant contends that the trial court erred in denying his motion to dismiss at the close of evidence. A motion to dismiss tests the sufficiency of the prosecution's evidence; therefore, the evidence must be considered in the light most favorable to the State. *State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680 (1971). Defendant contends that there was no evidence that he was employed or had any property or income on or about 26 September 1975, the date of the warrant. All the State need

State v. Buff

produce to overcome a motion for dismissal is any evidence that tends to prove the fact in issue or that reasonably conduces the conclusion of guilt as a fairly logical and legitimate deduction. *State v. Simmons*, 240 N.C. 780, 83 S.E. 2d 904 (1954). The State's evidence in this case tended to show first, that the defendant was employed at Reeves Mill and secondly, that about the time the warrant was issued the defendant increased support payments from twenty dollars a month to twenty-five dollars a week. Such evidence, uncontradicted by defendant, is sufficient to show employment and income to the extent necessary to overcome defendant's motion for dismissal.

[2] In his second and third arguments defendant claims that the judge in his charge expressed opinions to the jury on two occasions. In each the judge was stating the contentions of the State. An expression of opinion prohibited by G.S. 1-180 occurs when the judge's remarks imbalance the evidence in a manner which deprives the accused of a fair and impartial trial. *State v. Greene*, 285 N.C. 482, 206 S.E. 2d 229 (1974). "A statement of a valid contention based on competent evidence is not error." *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970). An examination of the record discloses ample evidence to support the contentions stated by the trial court. Furthermore, objections to the statement of contentions must be made before the jury retires to afford the trial judge an opportunity for correction. *State v. Virgil, supra*. No such objections were made by the defendant.

Defendant having failed to show prejudicial error, the verdict and judgment will be upheld.

No error.

Judges BRITT and MORRIS concur.